**UNITED STATES of America,
Appellee,**

**v.**

**Paul Wayne MORRIS, a/k/a P. Wayne
Morris, et al., Appellants.**

**No. 74–2045.**

United States Court of Appeals,
Fourth Circuit.

Submitted Feb. 18, 1975.

Decided June 9, 1975.

960

Edward J. David, Fayetteville, N. C., on brief for appellants.

N. Carlton Tilley, Jr., U. S. Atty., and Benjamin H. White, Jr., Asst. U. S. Atty., on brief, for appellees.

Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM.

On January 28, 1974, the United States of America filed a complaint in the District Court for the Middle District of North Carolina seeking to preliminarily and permanently enjoin Paul Wayne Morris from violating the Jenkins Act, 15 U.S.C. § 375 et seq. Along with its complaint the government submitted affidavits and exhibits to support its allegation that Morris was in fact violating the Act which prohibits shipping cigarettes into a State without first filing a statement with the Tobacco Tax Administrator of the State.

In response to the government's complaint, Morris contended that (1) the complaint failed to state a claim upon which the relief sought could be granted; (2) the Jenkins Act is unconstitutional; and (3) he had not in fact violated the Act. When Morris subsequently failed to respond to the government's request that he admit, pursuant to Rule 36 of the Federal Rules of Civil Procedure, that he was violating the Act, the court found that Morris in fact was engaged in the proscribed conduct and that the Act was not unconstitutional. The court, accordingly, granted the relief sought by the government. On appeal, Morris contends that (1) the Jenkins Act is unconstitutional in that it is arbitrary and unreasonable and (2) the permanent injunction order of the District Court contains insufficient findings of fact. We affirm.

■ Morris' principal contention is based upon the fact that while the Jenkins Act regulates the interstate sale of cigarettes, it does not similarly regulate the sale of little cigars. This distinction between cigarettes and little cigars is, claims Morris, in violation of the Due Process Clause of the Fifth Amendment to the Constitution. A similar question was considered by a three-judge district court in Consumer Mail Order Association of America v. McGrath, 94 F.Supp. 705 (D.C.D.C.), aff'd. per curiam without opinion 340 U.S. 925, 71 S.Ct. 500, 95 L.Ed. 668 (1950), reh. den. 341 U.S. 906, 71 S.Ct. 611, 95 L.Ed. 1344. In that case the court upheld the constitutionality of the Jenkins Act; and while Morris claims that the decision of the Supreme Court there is not binding on this court, we are of the opinion that the Act is not invalid for any reason advanced by Morris and that affirmance of the District Court upon the at least persuasive authority of *Consumer Mail Order Association* is appropriate.

Morris' claim that the District Court's permanent injunction order does not contain sufficient findings of fact is totally without support.

Accordingly, we dispense with oral argument and affirm the judgment of the District Court.

Affirmed.